# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF WISCONSIN

DENZEL SAMONTA RIVERS,

                Plaintiff,

v.

CPT. KYLE TRITT and KYLE DEMERS,

                Defendants.

Case No. 21-CV-762-JPS

**ORDER**

      Plaintiff Denzel Samonta Rivers ("Plaintiff"), an inmate formerly confined at Waupun Correctional Institution ("Waupun"), filed a pro se complaint under 42 U.S.C. § 1983 alleging that Defendants were deliberately indifferent to his health and safety in violation of the Eighth Amendment. (Docket #1). This Order resolves Plaintiff's motion for leave to proceed without prepaying the filing fee and screens his complaint.

**1.    MOTION FOR LEAVE TO PROCEED WITHOUT PREPAYING THE FILING FEE**

      The Prison Litigation Reform Act ("PLRA") applies to this case because Plaintiff was a prisoner when he filed his complaint. *See* 28 U.S.C. § 1915(h). The PLRA allows the Court to give a prisoner plaintiff the ability to proceed with his case without prepaying the civil case filing fee. *Id.* § 1915(a)(2). When funds exist, the prisoner must pay an initial partial filing fee. 28 U.S.C. § 1915(b)(1). He must then pay the balance of the $350 filing fee over time, through deductions from his prisoner account. *Id.*

      On June 21, 2021, the Court ordered Plaintiff to pay an initial partial filing fee of $78.29. (Docket #5). Plaintiff paid that fee on July 19, 2021. The Court will grant Plaintiff's motion for leave to proceed without prepaying

the filing fee. (Docket #2). He must pay the remainder of the filing fee over time in the manner explained at the end of this Order. Finally, because Plaintiff paid his initial partial filing fee prior to the deadline to do so, the Court will deny as moot his motion for an extension of time in which to pay the initial partial filing fee. (Docket #10).

2. SCREENING THE COMPLAINT

    2.1 Federal Screening Standard

Under the PLRA, the Court must screen complaints brought by prisoners seeking relief from a governmental entity or an officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). The Court must dismiss a complaint if the prisoner raises claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b).

In determining whether the complaint states a claim, the Court applies the same standard that applies to dismissals under Federal Rule of Civil Procedure 12(b)(6). *See Cesal v. Moats*, 851 F.3d 714, 720 (7th Cir. 2017) (citing *Booker-El v. Superintendent, Ind. State Prison*, 668 F.3d 896, 899 (7th Cir. 2012)). A complaint must include "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). The complaint must contain enough facts, accepted as true, to "state a claim for relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). "A claim has facial plausibility when the plaintiff pleads factual content that allows a court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* (citing *Twombly*, 550 U.S. at 556).

To state a claim for relief under 42 U.S.C. § 1983, a plaintiff must allege that someone acting under color of state law deprived him of a right secured by the Constitution or the laws of the United States. *D.S. v. E. Porter Cnty. Sch. Corp.*, 799 F.3d 793, 798 (7th Cir. 2015) (citing *Buchanan–Moore v. County of Milwaukee*, 570 F.3d 824, 827 (7th Cir. 2009)). The Court construes pro se complaints liberally and holds them to a less stringent standard than pleadings drafted by lawyers. *Cesal*, 851 F.3d at 720 (citing *Perez v. Fenoglio*, 792 F.3d 768, 776 (7th Cir. 2015)).

### 2.2 Plaintiff's Allegations

According to Plaintiff, on December 2, 2020, he was being housed in observation cell A-204 at Waupun. (Docket #1 at 2). During first shift on December 2, 2020, Defendants Sergeant Kyle Demers ("Sgt. Demers") and Captain Kyle Tritt ("Cpt. Tritt") (collectively, "Defendants") authorized that Plaintiff be moved to observation cell A-208. (*Id.* at 3). Cell A-208 is located a few cells away from cell A-11, wherein inmate Sharman Kapp ("Kapp") was being housed. (*Id.*)

Shortly after Plaintiff was moved to cell A-208, Kapp began kicking, yelling, and banging in his cell. (*Id.*) Kapp's noisy and unruly behavior appears to have persisted from December 2, 2020 through February 4, 2021. (*Id.* at 3–7). Plaintiff alleges that Kapp's behavior interfered with Plaintiff's sleep and caused sleep deprivation, lack of energy to eat, weight loss, headaches, and depression. (*Id.* at 4–6). At one point, the noise interfered with a prison doctor's ability to hear and communicate with Plaintiff during a clinical observation. (*Id.* at 3–4).

Defendants were both assigned to first-shift duties in the unit wherein Plaintiff and Kapp were housed. (*Id.* at 3). Plaintiff alleges that, during first shifts while Kapp was causing excessive noise, Defendants

conducted "witness checks" in the unit but failed to direct Kapp stop his behavior or to place him on a "control status." (*Id.*) Plaintiff alleges that Defendants avoided intervening in Kapp's behavior despite the behavior continuing for months. (*Id.*) Plaintiff alleges that he sent (and provides the Court copies of) letters to Defendants complaining about Kapp but that Defendants took no action. (Docket #1 at 9, 11).

### 2.3 Analysis

Plaintiff's allegations invoke his rights under the Eighth Amendment. Under the Eighth Amendment, to state a claim for unconstitutional conditions of confinement, a plaintiff must first allege that he suffered a deprivation sufficiently serious to have denied him "the minimal civilized measure of life's necessities." *Rhodes v. Chapman*, 452 U.S. 337, 347 (1981); *Farmer v. Brennan*, 511 U.S. 825, 834 (1970) (holding that an Eighth Amendment violation arises when prisoners are deprived of "the minimal civilized measure of life's necessities"). Inmates are entitled to "adequate food, clothing, shelter, and medical care." *Farmer*, 511 U.S. at 832. Second, a plaintiff must allege that the defendant was deliberately indifferent to the plaintiff's health or safety, meaning that the defendant was both aware of and disregarded "an excessive risk to [the plaintiff's] health or safety." *Farmer*, 511 U.S. at 837.

Here, Plaintiff alleges that Defendants' failure to silence the excessive noise created by Kapp violated Plaintiff's Eighth Amendment rights. Prison officials "may violate an inmate's Eighth Amendment rights by subjecting him to excessive noise." *King v. Frank*, 328 F. Supp. 2d 940, 946 (W.D. Wis. 2004) (citing *Antonelli v. Sheahan*, 81 F.3d 1422, 1433 (7th Cir. 1996); *Lunsford v. Bennett*, 17 F.3d 1574, 1580 (7th Cir. 1994)). For example, in *Antonelli*, the plaintiff alleged that excessive noise "occurred every night,

often all night, interrupting or preventing his sleep." 81 F.3d at 1433. The Seventh Circuit concluded that, "infliction of incessant noise, even if it causes only agony and not enduring injury, may be a due process violation." *Id.* (citing *Williams v. Boles*, 841 F.2d 181, 183 (7th Cir. 1988)). Thus, according to the court, the plaintiff had stated a claim for relief.

By contrast, in *King*, the plaintiff alleged that "he [was] forced to listen to other inmates shout while they watch television or sing along with the radio." 328 F. Supp. 2d at 946. The district court discussed the requirements for an Eighth Amendment noise complaint: "[a]lthough prison officials may violate an inmate's Eighth Amendment rights by subjecting him to excessive noise, this is only when they are deliberately indifferent to a substantial risk that the noise will cause the inmate serious harm." *Id.* The court concluded that "[a]lthough plaintiff allege[d] that he was 'depressed' by the noise . . . the noise [could not reasonably be concluded to have] caused him an injury significant enough to give rise to an Eighth Amendment violation." *Id.*

At the screening stage, the present case is most analogous to *Antonelli*. Plaintiff alleges that the excessive noise in the prison caused him to suffer an inability to sleep, lack of energy to eat, weight loss, headaches, and depression. According to Plaintiff, Kapp's kicking, yelling, and screaming occurred for days and nights on end. At one point, it interfered with a prison doctor's ability to hear and communicate with Plaintiff during a clinical observation. As to the second requirement, Plaintiff alleges not only that he told Defendants about Kapp's disruptive behavior, but that Defendants heard it for themselves and still failed to take any action to stop Kapp's behavior for months. At the screening stage, Plaintiff has stated an Eighth Amendment claim for relief.

### 3. CONCLUSION

The Court finds that Plaintiff may proceed on the following claim pursuant to 28 U.S.C. § 1915A(b):

**Claim One:** unconstitutional conditions of confinement, in violation of the Eighth Amendment, against Defendants Sergeant Kyle Demers and Captain Kyle Tritt.

Defendants should take note that, within forty-five (45) days of service of this Order, they are to file a summary judgment motion that raises all exhaustion-related challenges. If they do not file such a motion within forty-five days, that affirmative defense will be waived. The Court will issue a trial scheduling order at a later date that embodies other relevant deadlines.

Accordingly,

**IT IS ORDERED** that Plaintiff's motion for leave to proceed without prepayment of the filing fee (*in forma pauperis*) (Docket #2) be and the same is hereby **GRANTED**;

**IT IS FURTHER ORDERED** that Plaintiff's motion for an extension of time in which to pay the initial partial filing fee (Docket #10) be and the same is hereby **DENIED as moot**;

**IT IS FURTHER ORDERED** that pursuant to an informal service agreement between the Wisconsin Department of Justice and this Court, copies of Plaintiff's complaint and this Order are being electronically sent today to the Wisconsin Department of Justice for service on Defendant;

**IT IS FURTHER ORDERED** that, pursuant to the informal service agreement between the Wisconsin Department of Justice and this Court, Defendants shall file a responsive pleading to the complaint within sixty (60) days of receiving electronic notice of this Order;

**IT IS FURTHER ORDERED** that Defendants raise any exhaustion-related challenges by filing a motion for summary judgment within forty-five (45) days of service or this affirmative defense is waived;

**IT IS FURTHER ORDERED** that the agency having custody of Plaintiff shall collect from his institution trust account the balance of the filing fee, $271.71, by collecting monthly payments from Plaintiff's prison trust account in an amount equal to 20% of the preceding month's income credited to Plaintiff's trust account and forwarding payments to the Clerk of Court each time the amount in the account exceeds $10 in accordance with 28 U.S.C. § 1915(b)(2). The payments shall be clearly identified by the case name and number assigned to this action. If Plaintiff is transferred to another institution, county, state, or federal, the transferring institution shall forward a copy of this Order along with Plaintiff's remaining balance to the receiving institution;

**IT IS FURTHER ORDERED** that a copy of this order be sent to the officer in charge of the agency where Plaintiff is confined;

**IT IS FURTHER ORDERED** that the Clerk's Office mail Plaintiff a copy of the guides entitled "Answers to Prisoner Litigants' Common Questions" and "Answers to Pro Se Litigants' Common Questions," along with this Order; and

**IT IS FURTHER ORDERED** that, pursuant to the Prisoner E-Filing Program, Plaintiff shall submit all correspondence and case filings to institution staff, who will scan and e-mail documents to the Court. If Plaintiff is no longer incarcerated at a Prisoner E-Filing institution, he will be required to submit all correspondence and legal material to:

> Office of the Clerk
> United States District Court
> Eastern District of Wisconsin

362 United States Courthouse
517 E. Wisconsin Avenue
Milwaukee, Wisconsin 53202

**DO NOT MAIL ANYTHING DIRECTLY TO THE COURT'S CHAMBERS**. If mail is received directly to the Court's chambers, **IT WILL BE RETURNED TO SENDER AND WILL NOT BE FILED IN THE CASE**.

Plaintiff is further advised that failure to timely file any brief, motion, response, or reply may result in the dismissal of this action for failure to prosecute. In addition, the parties must notify the Clerk of Court of any change of address. **IF PLAINTIFF FAILS TO PROVIDE AN UPDATED ADDRESS TO THE COURT AND MAIL IS RETURNED TO THE COURT AS UNDELIVERABLE, THE COURT WILL DISMISS THIS ACTION WITHOUT PREJUDICE**.

Dated at Milwaukee, Wisconsin, this 3rd day of January, 2022.

BY THE COURT:

_____
J. P. Stadtmueller
U.S. District Judge